Joseph SZUECS, Plaintiff,

v.

UNITED STATES of America, as represented by Ezra Taft Benson, Secretary of Agriculture, Defendant.

Civ. A. No. 3261–53.

United States District Court
District of Columbia.

May 27, 1957.

Richard P. Schulze, Washington, D. C., for plaintiff.

E. R. Weisbender, Department of Justice, Washington, D. C., for defendant.

McLAUGHLIN, District Judge.

This matter having come on for hearing before the Court on the 10th day of May, 1957, on plaintiff's Motion under Fed.Rules Civ.Proc. Rule 60(b) (6), 28

11. Supra, footnote 1.

U.S.C., and the final judgment of this Court previously entered herein having been reversed by the Circuit Court of Appeals of this Circuit and remanded by said Circuit Court of Appeals of this Circuit to this Court for reconsideration under the standard of proof as set forth in Morgan v. Daniels, 153 U.S. 120, 125, 14 S.Ct. 772, 773, 38 L.Ed. 657, and in Esso Standard Oil Co. v. Sun Oil Co., 97 U.S.App.D.C. 154, 229 F.2d 37, and the Court having heard oral arguments by counsel for plaintiff and defendant, and having considered briefs filed by said counsel respectively in connection with said Motion, and the Court having reconsidered this case in accordance with the mandate of the Circuit Court of Appeals of this Circuit heretofore referred to, and the Court being fully advised in the premises, it is by the Court this 27 day of May, 1957.

Ordered that upon reconsideration of the said judgment previously entered by this Court, the said judgment previously entered by this Court is by the Court this 27 day of May, 1957, hereby set aside and judgment is hereby entered herein in the words and figures set forth in the attached instrument marked Exhibit "A" and by reference made a part hereof, in place and in stead of the judgment previously entered by this Court as hereinbefore referred to.

## Exhibit "A"

Plaintiff and defendant's assignor Humfeld each filed an application for a patent on an invention defined by an identical claim appearing in each application. Said claim, constituting the one Count involved in the Patent Interference proceeding hereinafter referred to, reads as follows:

"A process for growing mushroom mycelium, a foodstuff, comprising inoculating a sterile, liquid, organic-material containing nutrient medium with mushroom tissue, forcing air into the culture beneath the surface thereof, agitating the culture by stirring to disperse the air into the culture, and continuing growth under agitated, aerated, submerged conditions until a substantial amount of mycelium is produced."

This suit is brought by plaintiff under Section 146, Title 35 U.S.Code, challenging a decision of the Board of Patent Interferences awarding priority of invention to Humfeld.

The issues are as follows:

Issue I. Whether the process as described by Humfeld is or is not inoperative, and

Issue II. Whether plaintiff or Humfeld is the first inventor.

The application of Humfeld was filed on January 23, 1948. Plaintiff's application was filed on April 19, 1948. The burden of proof rests on plaintiff to establish the allegations of his complaint by testimony which in character and amount carries thorough conviction.

Based upon a consideration and study of the record including the record in Patent Interference No. 85,143 in the Patent Office, and the briefs of counsel, the Court finds as follows on the two issues involved:

Conclusion as to Issue I.

The Court finds that it is not established by testimony, which in character and amount carries thorough conviction, that the Humfeld process was inoperative to produce mushroom mycelium. The Court, in the circumstances, finds that the Humfeld process was operative to produce mushroom mycelium.

Conclusion as to Issue II.

The Court finds that it is established by the testimony of plaintiff, and of witnesses in corroboration thereof, which testimony the Court finds to be testimony which in character and amount carries thorough conviction, that the plaintiff reduced the process to practice on February 7, 1947 and that he was first to reduce the process to practice. The Court in the circumstances finds that plaintiff was the first inventor.

The Court holds that the plaintiff is entitled to a decree ordering that the Commissioner of Patents be directed to issue to plaintiff letters patent on plaintiff's application.